UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES CALVIN SCOTT,<br><br>Defendant(s). | Case No. 2:06-CR-71 JCM (LRL)<br><br>ORDER |

Presently before the court is defendant James Calvin Scott ("defendant")'s motion to adjudicate his parole violation (ECF No. 60). The government filed a response to the motion (ECF No. 61), to which defendant did not reply.

On September 26, 2023, the court received the instant motion from defendant, which states, in its entirety, "I am currently in state custody in Nevada. I would like the court to adjudicate my parole violation so I can have a fresh start when I'm released." (ECF No. 60 at 1).

Defendant was sentenced on August 27, 2007, to ninety-six months imprisonment followed by three years of supervised release for the offense of felon in possession of a firearm. (ECF No. 43). His supervision commenced on June 27, 2014. (ECF No. 52 at 1). On July 2, 2014, the court received a request for modification to conditions of defendant's supervision to include sex offender treatment, as he reportedly raped a 17-year-old female on March 10, 2013. (*Id.* at 2).

The court received a petition for a warrant on November 4, 2015, after defendant was observed walking in public with a handgun. (ECF No. 54 at 2). The record indicates that the warrant has not been executed and he is not in custody as a result of any federal supervised release

**James C. Mahan**
**U.S. District Judge**

violation. However, United States Marshals Service indicated that defendant is currently in custody following a conviction on a separate state charge for attempted sexual assault, with a release date of February 17, 2025.

Defendant cites no authority allowing him to compel the adjudication of a supervised release violation. While the court acknowledges that defendant has a right to a prompt hearing on a supervised release revocation, that right is not triggered until the defendant is in custody on the supervised release violation. *See United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014); *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *see also United States v. Magana-Colin*, 359 F. App'x 837, 838 (9th Cir. 2009) (holding that the right to a prompt hearing on a supervised release revocation is not triggered when the warrant remains unexecuted).

Defendant is not in custody pursuant to any order from this court on a supervised release violation.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to adjudicate his parole violation (ECF No. 60) be, and the same hereby is, DENIED.

DATED October 19, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**